52 F.3d 333
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Robert J. FUTORAN, Debtor,
BANK OF BEVERLY HILLS, Plaintiff,
Max H. Rush, Chapter 7 Trustee, Appellant,
v.
Robert J. FUTORAN, Defendant-Appellee.
 No. 94-55066.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 6, 1995.*
Decided April 19, 1995.
 
 1
 Before D.W. NELSON, and CANBY, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Chapter 7 Trustee Max H. Rush appeals the district court's order reversing the bankruptcy court's ruling that Debtor Robert J. Futoran's IRS/ERISA-qualified pension and profit sharing plans ("the plans") are not excluded from Futoran's estate.
 
 
 4
 On October 23, 1992, the United States District Court for the Central District of California entered its Findings and Memorandum Opinion reversing the bankruptcy court's ruling that sustained the Trustee's objection to the debtor's claim of exemption pursuant to California Civil Procedure Code section 704.115.[1]
 
 
 5
 Rush argues that the district court erred in finding the plans to be excluded from the bankruptcy estate, and in not remanding to the bankruptcy court for a determination whether the plans were ERISA-qualified.
 
 
 6
 We review findings of fact for clear error, and conclusions of law de novo. In re Ewell, 958 F.2d 276, 279 (9th Cir.1992).
 
 
 7
 The Trustee argued consistently during all proceedings up to and including entry of the bankruptcy court's order, that the debtor's plans were ERISA-qualified, and that ERISA preempted California Code of Civil Procedure Sec. 704.115. In fact, the findings and conclusions entered by the bankruptcy court were prepared by Trustee's counsel. Finding of Fact number 6 states: "Each of the three plans are (sic) regulated by the ERISA statutes." Conclusion of law number 1 at page 430 states:
 
 
 8
 1. This Court concludes: given that the plans in question are qualified plans under the Employment Retirement Income Security Act of 1984 ("ERISA"), which is codified in 29 U.S.C. Sec. 1001 et seq. and the Internal Revenue Code ("IRC"), codified in 26 U.S.C. Sec. 1 et seq., that pursuant to section 514(a) of ERISA (29 U.S.C. Sec. 1141(a)) the California exemption statute "relates" to an employee benefit plan.
 
 
 9
 Rush never appealed these findings of fact and conclusions of law. The Trustee has had his bite at the apple and lost. Having conceded the issue below, he cannot now reverse his position and argue for the first time that the plans may not be ERISA-qualified. Mendoza v. Block, 27 F.3d 1357, 1360 (9th Cir.1994); United States v. Patrin, 575 F.2d 708, 712 (9th Cir.1978).
 
 
 10
 The Trustee did not appeal the finding and conclusion that the plans in issue were ERISA plans. There is, accordingly, no cause for us to overturn those rulings. It is not unjust to hold the Trustee to the litigating position that he adopted for his own tactical reasons.
 
 
 11
 The Trustee now argues that the district court should have remanded to the bankruptcy judge for a hearing to determine whether the plans were "qualified" ERISA plans. The district court did not err by not remanding to the bankruptcy court to make this determination. As the district court noted in its decision, the bankruptcy judge asked the parties to stipulate as to the nature of the plans, and the parties stipulated that the plans were IRS qualified. The Trustee failed at that time to articulate any features of the plans which would "disqualify" them for ERISA treatment, or identify any other requirements for qualification.
 
 
 12
 The district court found the plans to be excluded from the bankruptcy estate on the basis of the holding in Patterson v. Shumate, 112 S.Ct. 2242 (1992). In Shumate, the Supreme Court held that a qualified ERISA pension plan which contains an anti-alienation provision constitutes a restriction enforceable under "applicable nonbankruptcy law" for purposes of Sec. 541(c)(2). Thus, the debtor's interest in the plan was excluded from the estate. Id. at 2246-48.
 
 
 13
 Under Shumate, therefore, the district court did not err in ruling that the plans are not property of the Debtor's bankruptcy estate. AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The district court ordered the matter remanded to the bankruptcy court with instructions to exclude from the bankruptcy estate the debtor's interest in the assets of the three ERISA plans